**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IRIS D. FLANIGAN,
                           Plaintiff,

vs.

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

                           Defendant.

Case No. 2:12-cv-01888-GMN-PAL

**ORDER**

(IFP App - Dkt. #1)

Plaintiff Iris D. Flanigan has requested authority pursuant to 28 U.S.C. § 1915 to proceed in

forma pauperis and submitted a Complaint (Dkt. #1) on November 5, 2012.  This proceeding was

referred to this court by Local Rule IB 1-9.

**I.     In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be

granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a

complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

1   deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

2   1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

4   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

5   ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.

6   1983).  In considering whether a plaintiff has stated a claim upon which relief can be granted, all

7   material allegations in the complaint are accepted as true and are to be construed in the light most

8   favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a

9   pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v.*

10  *Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

11       Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA")

12  denying Plaintiff Social Security disability insurance benefits.  Before Plaintiff can sue the SSA in

13  federal court, she must exhaust her administrative remedies.  42 U.S.C. § 405(g).  *See Bass v. Social*

14  *Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil

15  action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and

16  (2) the Secretary has made a final decision on the claim").  Generally, if the SSA denies a claimant's

17  application for disability benefits, she can request reconsideration of the decision.  If the claim is denied

18  at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge

19  ("ALJ").  If the ALJ denies the claim, a claimant may request review of the decision by the Appeals

20  Council.  If the Appeals Council declines to review the ALJ's decision, a claimant may then request

21  review by the United States District Court.  *See generally* 20 C.F.R. §§ 404, 416.  Plaintiff alleges that

22  on September 10, 2012, the Appeals Council denied her request for review, and the ALJ's decision

23  became the final decision of the Commissioner.  Thus, it appears Plaintiff has exhausted her

24  administrative remedies.

25       Once Plaintiff has exhausted her administrative remedies, she can obtain review of an SSA

26  decision denying benefits by commencing a civil action within sixty days after notice of a final

27  decision.  *Id.*  An action for judicial review of a determination by the SSA must be brought in a District

28  Court of the United States for the judicial district in which the Plaintiff resides.  *Id.*  The Complaint

1    should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when

2    and how she exhausted her administrative remedies.  It should also contain a plain, short, and concise

3    statement identifying the nature of Plaintiff's disagreement with the determination made by the Social

4    Security Administration and show that Plaintiff is entitled to relief.  A district court can affirm, modify,

5    reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a

6    civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to

7    determining: (a) whether there is substantial evidence in the record as a whole to support the findings of

8    the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Commissioner*

9    *of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

10          Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying Plaintiff

11   disability insurance benefits and requests the court reverse that decision, or alternatively, remand this

12   matter for a new hearing.  Plaintiff contends there is not substantial medical or vocational evidence in

13   the record to support: (a) the legal conclusion she is not disabled within the meaning of the Social

14   Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful activity.

15   She asserts that the record supports a finding that Plaintiff is disabled and has been continuously

16   disabled at all relevant times.  Finally, Plaintiff alleges new evidence exists that warrants a remand of

17   this matter for further proceedings.  Accordingly, Plaintiff has stated a claim for initial screening

18   purposes under 28 U.S.C. § 1915.

19          Based on the foregoing,

20          **IT IS ORDERED** that:

21          1.      Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not

22                  be required to pay the filing fee of three hundred fifty dollars.

23          2.      Plaintiff is permitted to maintain this action to conclusion without the necessity of

24                  prepayment of any additional fees or costs or the giving of a security therefor.  This

25                  Order granting leave to proceed in forma pauperis shall not extend to the issuance of

26                  subpoenas at government expense.

27          3.      The Clerk of Court shall file the Complaint.

28          4.      The Clerk of the Court shall serve the Commissioner of the Social Security

Administration by sending a copy of the summons and Complaint by certified mail to:
Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160
Spear St., Suite 899, San Francisco, CA,94105-1545; and (2) the Attorney General of the
United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400,
Washington, D.C. 20530.

5.   The Clerk of Court shall issue summons to the United States Attorney for the District of
Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6.   From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been
entered by counsel, upon the attorney, a copy of every pleading, motion or other
document submitted for consideration by the court.  Plaintiff shall include with the
original paper submitted for filing a certificate stating the date that a true and correct
copy of the document was personally served or sent by mail to the defendants or counsel
for the defendants.  The court may disregard any paper received by a district judge or
magistrate judge which has not been filed with the Clerk, and any paper received by a
district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 19th day of November, 2012.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE